# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1338V
Filed: July 18, 2016
[Not to be published]

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JEFF WEGGEN *and* BETH QUALLS | * | |
| *on behalf of their minor child* S.W., | * | Special Master Gowen |
| | * | |
| Petitioners, | * | Dismissal; Gardasil; |
| v. | * | Adverse Reaction |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

<u>Andrew D. Downing</u>, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioners.
<u>Anne D. Martin</u>, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On November 6, 2015, Jeff Weggen and Beth Qualls ("petitioners") filed a petition on behalf of their minor child, S.W., pursuant to the National Vaccine Injury Compensation Program.[2] Petitioners alleged that as a result of receiving Gardasil vaccinations, the last in the series administered May 17, 2012, S.W. suffered a "severe adverse reaction." Petition at Preamble. The information in the record, however, does not show entitlement to an award under the Program.

On July 15, 2016, petitioners moved for a decision dismissing their petition, stating that "[p]etitioners recognize that they will likely be unable to meet their burden of proof as to scientific and medical causation and establish that S.W. is entitled to compensation in the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Vaccine Program." Motion for a Decision Dismissing Petition at ¶ 3, filed July 15, 2016. Petitioners state that they understand that a decision by the Special Master will result in a judgment against them, and that such a judgment will end all of S.W.'s rights in the Vaccine Program. Id. at ¶ 5. Petitioners state that they intend to protect their and S.W.'s rights to file a civil action. Id. at ¶ 6. Respondent does not oppose petitioner's motion.

To receive compensation under the Program, petitioners must prove either (1) that S.W. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that S.W. suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that S.W. suffered a "Table Injury," nor do petitioners allege that S.W. suffered a "Table Injury." Further, the record does not contain any persuasive evidence indicating that S.W.'s alleged injuries were caused by the Gardasil vaccines.

Under the Vaccine Act, petitioner may not be given a Program award based solely on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that S.W. suffered a "Table Injury" or that the injuries were "actually caused" by the Gardasil vaccinations. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

>　　　　　　　　　　　　　　　　**/ Thomas L. Gowen**
>　　　　　　　　　　　　　　　　Thomas L. Gowen
>　　　　　　　　　　　　　　　　Special Master